UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RUSSELL VAN DUYNE,

     Plaintiff,
  -against-

THE CITY OF NEW YORK and
THE NEW YORK CITY POLICE DEPARTMENT,
P.O. COTE AND P.O. GREEN,

     Defendants.
------------------------------------------------------------------X

FILED
CLERK
10-MAR-X2 PM 4:00

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

Docket No.

**COMPLAINT**

Plaintiff Demands a Jury Trial

WEINSTEIN, J.

GOLD, M.J.

  Plaintiff, by his attorney, GARY N. RAWLINS, Esq. as and for his Complaint respectfully alleges, upon information and belief:

  1.  This is a civil litigation action seeking damages against Defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States. On or about April 7, 2007, Defendants New York City (hereafter "NYC"), and Police Officers Cote and Green, while acting in their capacity as officers of the City of New York, unlawfully and improperly attacked and assaulted Plaintiff in the face and other parts of the body, and caused him to suffer bodily and psychological injuries, and then arrested and charged with harassment without justice. Depriving of liberty without due process of law, and depriving of rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States. The Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, compensatory and punitive damages for the violation of his civil rights pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1986 and an award of costs, disbursements and attorneys fees under 42 U.S.C. §1988. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law

2

causes of action. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c).

2. The Plaintiff, RUSSELL VAN DUYNE, at all times herein mentioned resided and still resides at 65 West 127th Street, Apt 4L, New York, New York 10027.

3. At all times mentioned herein, Defendant NYC was and still is a domestic municipal corporation, created, organized and existing by virtue of the laws of the State of New York. Upon information and belief, Defendant Police Officers Cote and Green were and still are NYC employees, and residents of NEW YORK County, New York.

4. At all times herein mentioned, Defendant NYC and Defendant Police Officers Cote and Green stood in such a relationship with each other in providing law enforcement services as to make each other liable for the acts and omissions of others.

5. At all times herein mentioned, Defendant Police Officers Cote and Green were employed by the New York City Police Department, and these Defendants acted toward Plaintiff under the color of statutes, ordinances, customs and usage of the State of New York, City of New York.

6. On or about April 7, 2007, Defendant Police Officers Cote and Green attacked and assaulted Plaintiff on or about 127th Street and 7th Avenue, New York, NY 10027. The Defendants misidentified Plaintiff as someone else and without any investigation, questioning or introduction, assaulted Plaintiff, hit him in the face and other parts of his body while Plaintiff was walking on the sidewalk. As a result of the assault, Plaintiff suffered psychological damage in the form of humiliation, fear, anxiety and depression.

7. On or about April 7, 2007, having suddenly attacked and assaulted Plaintiff, Defendant Police Officers Cote and Green unlawfully arrested and charged Plaintiff with harassment without justice.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR UNREASONABLE FORCE
## IN VIOLATION OF PLAINTIFF'S 4TH AMENDMENT RIGHTS

8. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

9. The amount and type of physical force used by Defendant Police Officers Cote and Green on Plaintiff was unreasonable and violated Plaintiff's right to be secure in his person.

10. The amount and type of physical force used in the course of Defendant Police Officers Cote and Green's attack on Plaintiff's on or about April 7, 2007, caused immediate injuries and psychological damage in the form of humiliation, fear, anxiety and depression.

11. Plaintiff was assaulted without justification and with no provocation on Plaintiff's part.

12. Defendant Police Officers Cote and Green failed their duty to act as reasonable police officers would under the circumstances.

13. Plaintiff was handcuffed and did not pose any threat to the safety of the police officers or others.

14. Plaintiff was not attempting to flee.

15. As a result of excessive force, Plaintiff, a citizen of the United States, was subjected to deprivations of his constitutional rights under the Fourth Amendment.

16. As a result, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR SECOND CAUSE OF ACTION
## FOR FAILURE TO INTERVENE
## TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

17. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

18. Defendant Police Officers Cote and Green acted under the color of law and Defendant NYC failed to intervene to prevent their unlawful conduct.

19. At all times mentioned herein, Defendant NYC and its officers, including all Defendant Police Officers Cote and Green, were under affirmative duty to intercede on behalf of Plaintiff to prevent the violation of Plaintiff's constitutional rights.

20. At all times mentioned herein, Defendant NYC and its officers, including all Defendant Police Officers Cote and Green, failed that duty and affirmatively supported and participated in the violation of Plaintiff's constitutional rights.

21. Defendants had the power to prevent and aid in preventing the commission of the unlawful arrest and false imprisonment, and the use of excessive force, but neglected and refused to do so.

22. All Defendants displayed a deliberate indifference to the violation of Plaintiff's constitutional rights, when it knew or should have known that the Defendant's actions in assaulting Plaintiff were a constitutional violation. Defendants NYC knew and/or should have known that the practice of its police officers of attacking random African-American people on the street without any investigation, and assaulting them by pushing, shoving, beating and posed a clear risk of a constitutional violation.

23. As a result of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

WHEREFORE, Plaintiff RUSSELL VAN DUYNE demands a judgment awarding damages against each Defendant in all causes of action in an amount that exceeds the jurisdictional amounts of all lower courts that would otherwise have jurisdiction; together with interest, attorney fees, the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: February 16, 2010
      New York, NY

Respectfully submitted,

By: /Gary N. Rawlins
*Attorney for Plaintiff*
The Rawlins Law Firm, PLLC
80 Broad Street, 5th Floor-
New York, NY 10004
Phone: (212) 926-0050
Fax: (212) 926-0059